CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEWAYNE ANTHONY SHIFFLETT, | ) | Civil Action No. 7:06cv00497 |
|    Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
|    Respondent. | ) | United States District Judge |

Petitioner, Dewayne Anthony Shifflett, filed this 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and using or possessing a firearm in relation to a drug trafficking crime in violation fo 18 U.S.C. § 924(c). Shifflett claims his plea was not knowing and voluntary and raises several grounds of ineffective assistance of counsel, including counsel's failure to file an appeal upon Shifflett's request. This matter is before the court on respondent's motion to dismiss. On the existing record, the court is unable to resolve Shifflett's claim that counsel was ineffective in failing to file an appeal upon request and therefore refers the matter for an evidentiary hearing on the issue.

I.

On February 9, 2005 Shifflett was indicted in this court and charged with participation in a methamphetamine distribution conspiracy and knowingly and intentionally possessing a firearm in furtherance of the conspiracy. On May 26, 2005, Shifflett pled guilty to both offenses without a plea agreement. The court ultimately sentence Shifflett to 80 months incarceration for the conspiracy charge and 60 months incarceration for the firearm charge, to be served consecutively. Shifflett did not appeal.

II.

One of Shifflett's claims of ineffective assistance is that counsel failed to file an appeal upon

Shifflett's request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Shifflett's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Shifflett's allegation and his trial counsel's conflicting affidavit, the court refers for an evidentiary hearing on the issue of whether Shifflett asked his trial counsel to file a direct appeal.

### III.

With regard to Shifflett's other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Shifflett's other claim, the court will not address respondent's argument in its motion to dismiss regarding Shifflett's other claim at this time.

### IV.

For the reasons stated herein, the court the court refers the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Shifflett asked his trial counsel to file a direct appeal.

ENTER: This 26th day of April, 2007.

_____
United States District Judge