CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 22 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DEWAYNE A. SHIFFLETT, )
    Petitioner, )
v. ) Civil Action No. 7:06cv00497
)
UNITED STATES OF AMERICA, )
    Respondent. )

## ORDER AND MEMORANDUM OPINION

This matter is before the court on petitioner's motion to personally appear at an evidentiary hearing on his 28 U.S.C. § 2255 petition for habeas relief due to ineffective assistance of counsel. Shifflett is incarcerated at FCI Petersburg and is scheduled to appear via video at the July 31, 2007 hearing. Shifflett asserts he has the right to personally appear at the hearing under § 2255 and the Confrontation Clause of Sixth Amendment to the United States Constitution.

### I.

The U.S. Supreme Court, the Fourth Circuit, and the plain language of § 2255 do not require an incarcerated petitioner to be physically present at § 2255 proceedings. Whether an incarcerated petitioner's presence is required at a § 2255 evidentiary hearing is a matter of the judge's discretion. Raines v. U.S., 423 F.2d 526, 530 (4th Cir. 1970) (citing Machibroda v. U.S., 368 U.S. 487, 495 (1962)). Furthermore, the plain language of the statute provides that the "court may entertain and determine such [a § 2255] motion without requiring the production of the prisoner at the hearing." 28 U.S.C.A. § 2255 (1996). Thus, Shifflett's claim of a right to personally appear at the evidentiary hearing is not only unsubstantiated by, but also contradicts controlling authority.

Likewise, Shifflett's argument that the Confrontation Clause of the Sixth Amendment gives him a right to personally appear in the evidentiary hearing is misplaced. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI. The Sixth Amendment expressly refers to "all criminal prosecutions," but is silent as regards civil proceedings. See id. Although all § 2255 actions arise out of criminal prosecutions by their nature, they are in fact civil actions. 28 U.S.C. § 2255. Therefore, the Confrontation Clause has no applicability to the instant motion because it is neither a criminal prosecution nor a part thereof.

The court may, at its discretion, order prisoners to personally appear in § 2255 hearings when it believes their presence is necessary to arrive at the truth, but such appearances are not to be ordered merely because the prisoners request it. Gravely v. U.S., 251 F.2d 360, 360 (4th Cir. 1958). There is no persuasive reason to allow Shifflett to personally appear at the July 31, 2007 evidentiary hearing on his § 2255 motion. His ability to participate in the proceeding via video is sufficient to present his case. Accordingly, it is hereby

**ORDERED**

that Petitioner's motion to be present in person for the evidentiary hearing on his § 2255 motion is **DENIED**.

Enter this 22nd of May, 2007.

Michael F. Urbanski
United States Magistrate Judge